UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

          Plaintiff,

v.

Case No. 21-cr-20065

Honorable Robert H. Cleland

D-2   Jermaine Jenkins,

          Defendant.

---

### Stipulated Preliminary Order of Forfeiture

---

Plaintiff, by and through its undersigned attorney, together with the defendant, Jermaine Jenkins, by and through his attorney Natasha D. Webster, (collectively, "the Parties"), submit this Stipulated Preliminary Order of Forfeiture to the Court for immediate entry, and stipulate and agree to the following:

On March 17, 2021, a Superseding Indictment was filed charging the defendant with Count Three, Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1) and Counts Four through Fifteen, Wire Fraud, Aiding and Abetting in violation of 18 U.S.C. §§ 1343, 2. (ECF No. 20).

The Superseding Indictment contains a Forfeiture Allegation. The Forfeiture Allegation provides that upon conviction Defendant shall forfeit, under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which

constitutes or is derived from proceeds traceable to the commission of such violations relating to Counts Three through Fifteen of the Superseding Indictment.

On October 26, 2021, the defendant entered into a Rule 11 Plea Agreement (Rule 11) and pleaded guilty to Count Three of the Superseding Indictment, charging him with Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1) and Count Four of the Superseding Indictment, charging him with Wire Fraud, (Aiding and Abetting) in violation of 18 U.S.C. § 1028A(a)(1). (ECF No. 44).

In the Rule 11, the defendant agreed pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) to forfeit to the United States the following property:

      a. One (1) Gold Color, Rope Style Chain Necklace, with One Gold and Diamond Encrusted Jesus pendant; and

      b. One (1) Gold Color, Rope Style Chain Necklace, with One Gold and Diamond Cross Pendant;

(collectively, "Subject Property"). (ECF No. 44, PageID.274-275).

The defendant further agreed to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following his guilty plea, upon application by the United States at, or any time before, his sentencing in this case. (ECF No. 44, PageID.275).

In his Rule 11, the defendant knowingly, voluntarily, and intelligently waived

any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. (ECF No. 44, PageID.275). He further acknowledged that he understood that the forfeiture of assets is part of the sentence that may be imposed in this case and waived his right to challenge any failure by the court to advise him of this pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J). (ECF No. 44, PageID.276) The defendant also expressly waived his right to have a jury determine the forfeitability of his interest in the above identified Subject Property as provided by Federal Rules of Criminal Procedure 32.2(b)(5). *Id.*

In entering into this Stipulation with respect to forfeiture, the defendant agrees to immediate entry of this Stipulated Preliminary Order of Forfeiture and agrees that this Order shall become final as to the defendant at entry. The defendant's counsel, Natasha D. Webster, affirms that she has discussed this Stipulated Order with the defendant and that the defendant consents to the entry of the Stipulated Order of Forfeiture.

Based on the defendant's guilty plea and Rule 11, this Stipulation, the Government's Second Forfeiture Bill of Particulars and other information in the record, and pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2, **IT IS HEREBY ORDERED THAT:**

1. The Subject Property **IS HEREBY FORFEITED** to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2 for disposition according to law, and any right, title and interest of the defendant, and any right, title and interest that his heirs, successors or assigns have, or may have, in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

2. Upon entry of this order, the United States shall publish on www.forfeiture.gov, notice of this preliminary forfeiture order and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person, other than the defendant, asserting a legal interest in the Subject Property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. The petition must identify petitioner's alleged right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written

notice to any person or entity known to have an alleged interest in the Subject Property.

3. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Order shall become final as to the defendant at sentencing. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Rule 32.2(c)(2).

4. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2.

Agreed as to form and substance:

DAWN N. ISON
United States Attorney

| | |
|---|---|
| s/Michael El-Zein | s/Natasha D. Webster (with Consent) |
| MICHAEL EL-ZEIN | NATASHA D. WEBSTER, ESQ. |
| Assistant U.S. Attorney | Attorney for Defendant |
| U.S. Attorney's Office | 613 Abbott, 5th Floor |
| 211 W. Fort Street, Ste. 2001 | Detroit, Michigan 48226 |
| Detroit, MI 48226 | Phone: (313) 967-5542 |
| Phone: (313) 226-9770 | natasha_webster@fd.org |
| Michael.el-zein@usdoj.gov | |
| P-79182 | |
| | |
| Dated: February 17, 2022 | Dated: February 18, 2022 |

*******************************************

**IT IS SO ORDERED.**

                                      s/Robert H. Cleland
Dated: February 23, 2022       Hon. Robert H. Cleland
                                    United States District Judge